1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CURTIS WAYNE WYRICK,      )    1:10-cv-00022-JLT HC
                                    )
                            )    ORDER REQUIRING PETITIONER TO FILE
           Petitioner,    )    AMENDED PETITION
                            )
                            )    ORDER DIRECTING CLERK OF COURT
    v.                       )    TO SEND PETITIONER FORM FOR FILING
                            )    PETITION PURSUANT TO 28 U.S.C. § 2254
PEOPLE OF THE STATE OF    )
CALIFORNIA,                  )
                            )
                            )
           Respondent.    )
_____ _)

      Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ

of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant petition was filed on January 6, 2010.

(Doc. 1).  On February 5, 2005, Petitioner filed his written consent to the jurisdiction of the United

States Magistrate Judge for all purposes.  (Doc. 4).  The Court has completed its preliminary review

of the Petition.

      Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules

Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court

will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.  A

1

preliminary review of the Petition reveals that Ground One fails to state a cognizable federal habeas claim, that Grounds One and Two are not exhausted in state court, and that Petitioner's failure to name a proper respondent deprives this Court of jurisdiction.  Petitioner will be offered an opportunity to file an amended petition that seeks to cure these defects.

## **DISCUSSION**

A.  Failure To State A Cognizable Federal Habeas Claim.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Here, Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law.  Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

Ground One in the instant petition does not articulate any legal theory or basis for relief, state or federal.  As presently alleged, Ground One is simply a statement of various alleged facts.  It does not incorporate any legal claim whatsoever, statutory or constitutional.  Accordingly, Ground One fails to state a claim upon which federal habeas relief can be granted.

It is possible that Petitioner was attempting to allege in this petition the same claim that he raised in state court, i.e., that the trial court abused its discretion by denying Petitioner's motion for a new trial based on allegations of juror misconduct.  (Doc. 1, p. 2).  However, as presently alleged, Ground One does not include any allegation that the trial court abused its discretion in so ruling. More importantly, even if Petitioner had successfully alleged such a claim in Ground One, it would only raise a *question of state law*, not a federal constitutional issue.

Generally, issues of state law are <u>not</u> cognizable on federal habeas review.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990); <u>Gilmore v. Taylor</u>, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Moreover, "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." <u>James v. Borg</u>, 24 F.3d 20, 29 (9th Cir.1994).

Indeed, federal courts are bound by state court rulings on questions of state law.  <u>Oxborrow v. Eikenberry</u>, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).  Further, "the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." <u>Sawyer v. Smith</u>, 497 U.S. 227, 239 (1990), *quoting,* <u>Dugger v. Adams</u>, 489 U.S. 401, 409 (1989). <u>Tinsley v. Borg</u>, 895 F.2d 520, 530 (9th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief).

Thus, Ground One fails to state a claim upon which habeas relief can be granted.  If Petitioner chooses to file an amended petition, he must include only claims that actually allege federal constitutional violations.

B.  <u>Failure To Exhaust State Court Remedies</u>.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991);  <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158,

1  1163 (9th Cir. 1988).

2     A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

3  full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

4  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

5  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

6  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

7  claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

8  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

9     Additionally, the petitioner must have specifically told the state court that he was raising a

10  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

11  (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

12  1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

13  Supreme Court reiterated the rule as follows:

14     In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
15     remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order
       to give the State the "opportunity to pass upon and correct alleged violations of the prisoners'
       federal rights" (some internal quotation marks omitted).  If state courts are to be given the
16     opportunity to correct alleged violations of prisoners' federal rights, they must surely be
       alerted to the fact that the prisoners are asserting claims under the United States Constitution.
17     If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied
       him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not
18     only in federal court, but in state court.

19
20  Duncan, 513 U.S. at 365-366.  Recently, the Ninth Circuit examined the rule further, stating:

21     Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his
       federal claims in state court unless he specifically indicated to that court that those claims
       were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000).
22     Since the Supreme Court's decision in Duncan, this court has held that the petitioner must
       make the federal basis of the claim explicit either by citing federal law or the decisions of
23     federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882,
       889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying
24     claim would be decided under state law on the same considerations that would control
       resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir.
25     1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

26     In Johnson, we explained that the petitioner must alert the state court to the fact that
       the relevant claim is a federal one without regard to how similar the state and federal
27     standards for reviewing the claim may be or how obvious the violation of federal law is.

28  Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

4

Petitioner asserts in this petition the following grounds for relief: (1) a series of facts related to a juror who allegedly failed to disclose information that may have disqualified the juror; and (2) ineffective assistance of trial counsel in failing to move for a change of venue and in making a prejudicial statement in closing argument.  (Doc. 1, pp. 5; 7).

As discussed above, Ground One does not allege any legal claim.  It is merely a statement of alleged facts.  Thus, Ground One cannot be exhausted since exhaustion involves, by definition, the presentation of a *federal constitutional claim* to the state's highest court.  <u>Duncan</u>, 513 U.S. at 365-66.  Petitioner readily admits in his petition that Ground Two has not been exhausted.  (Doc. 1, p. 7).

From the foregoing, therefore, it appears that neither of Petitioner's claims were ever presented to the California Supreme Court as federal constitutional claims.  If Petitioner has not presented his claims to the California Supreme Court, the Court must dismiss the petition.  <u>See</u> <u>Calderon v. United States Dist. Court</u>, 107 F.3d 756, 760 (9th Cir. 1997) (en banc);  <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273 (9th Cir. 1997).  If Petitioner has presented his federal claims to the California Supreme Court and simply neglected to inform this Court, Petitioner must inform the Court of when and where he presented the claims to the California Supreme Court and, if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.  From the instant petition, it appears that neither Ground One nor Ground Two have been exhausted in the California Supreme Court as cognizable federal claims.  Under those circumstances, the Court would have to dismiss the petition as completely unexhausted.

C.  <u>Failure To Name The Proper Respondent</u>.

A petitioner seeking habeas corpus relief must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner.  <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992).  However, the chief officer in charge of state penal institutions is also appropriate.  <u>Ortiz-Sandoval</u>, 81 F.3d at 894;

1   Stanley, 21 F.3d at 360.  When a petitioner is on probation or parole, the proper respondent is his

2   probation or parole officer and the official in charge of the parole or probation agency or state

3   correctional agency.  Id.

4        In this case, Petitioner has named as Respondent "The People of the State of California."

5   Petitioner asserts that he is presently incarcerated at the Salinas Valley State Prison, located in

6   Soledad, California.  The individual currently in charge of that facility is Anthony Hedgpeth.  The

7   "People of the State of California" is not the warden or individual in charge of the institution where

8   Petitioner is confined, and thus is not the person having day-to-day control over Petitioner.

9        Petitioner therefore must file an amended petition, naming as Respondent the individual

10   responsible for day-to-day control over Petitioner.  See, West v. Louisiana, 478 F.2d 1026, 1029 (5th

11   Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing

12   petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d

13   125 (9th Cir. 1968) (same).  Petitioner's failure to name his custodian as a respondent deprives this

14   Court of personal jurisdiction to consider his petition.  Stanley, 21 F.3d at 360; Dunne v. Henman,

15   875 F.2d 244, 249 (9th Cir. 1989).

16                                          **ORDER**

17        Accordingly, IT IS HEREBY ORDERED that:

18   1)      Petitioner is granted thirty (30) days from the date of service of this order to file an

19           amended petition.  Petitioner must inform the Court what claims have been presented

20           to the California Supreme Court as well as the dates when the California Supreme

21           Court ruled on those claims.   Also, Petitioner must name a proper Respondent in

22           order for the Court to have habeas jurisdiction over the case.

23        Petitioner is further advised that the amended petition should be clearly entitled "Amended

24   Petition for Writ of Habeas Corpus."  Petitioner is advised that the petition must set forth his

25   claim(s), including both his legal basis for relief as well as all the facts and arguments in support of

26   said claim(s).  With respect to any claims raised in an amended petition, Petitioner must have

27   presented those claims, either in his original state court appeal or through a subsequent state habeas

28   corpus petition, to the California Supreme Court prior to raising them in this Court.  It is Petitioner's

responsibility to advise the Court in his amended petition of the dates when the state courts ruled on the issues Petitioner raised.  The Court will not consider the original petition.

**Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **April 2, 2010**                                    **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE