UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS WAYNE WYRICK, | ) | 1:10-cv-00022-JLT HC |
| | ) | |
| Petitioner, | ) | ORDER REQUIRING PETITIONER TO FILE SECOND AMENDED PETITION |
| | ) | |
| | ) | THIRTY DAY DEADLINE |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER FORM FOR FILING PETITION PURSUANT TO 28 U.S.C. § 2254 |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant petition was filed on January 6, 2010. (Doc. 1). On February 5, 2005, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 4). In the original petition, Petitioner raised two grounds for relief: (1) juror misconduct; and (2) ineffective assistance of trial counsel. (Doc. 1). During its preliminary review of the Petition, the Court determined that Ground One failed to state a federal habeas claim and that neither claim had been exhausted in state court. Accordingly, the Court ordered Petitioner to file a first amended petition setting forth only claims that stated a federal habeas claim and that were fully exhausted in state court. (Doc. 5). On May 5, 2010, Petitioner filed his first amended petition. (Doc. 6).

1

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules Governing § 2254 Cases.

The Court's review of the first amended petition reveals that Ground Two is still unexhausted. Accordingly, Petitioner will be given another opportunity either to file an amended petition withdrawing the unexhausted claim or face dismissal of the petition as a mixed petition.

## DISCUSSION

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order

> to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. Recently, the Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner asserts in this first amended petition the following grounds for relief: (1) juror misconduct, abuse of discretion by the trial court in denying the motion for a new trial, and denial of a fair trial under the Fourth Amendment; and (2) ineffective assistance of trial counsel in failing to move for a change of venue and in making a prejudicial statement in closing argument. (Doc. 6, p. 4).

Petitioner alleges that Ground One was raised in his Petition for Review in the California Supreme Court. (Doc. 6). Therefore, for purposes of this preliminary screening of the first amended petition, that claim appears to be exhausted. However, Petitioner makes no such allegation regarding Ground Two. Indeed, Petitioner appears to allege that he did not exhaust Ground Two because his trial counsel did not make him aware of his right to raise such a claim. (Doc. 6, p. 5). Moreover, Petitioner does not allege that he filed any state habeas petitions in an effort to exhaust Ground Two.

From the foregoing, therefore, it appears that Ground Two was never presented to the California Supreme Court as federal constitutional claim. Because Petitioner has not presented his claim to the California Supreme Court, the Court must dismiss the petition. See Calderon v. United

3

States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997).

If a petition contains unexhausted claims, a petitioner may, at his option, withdraw the unexhausted claim and go forward with the remaining exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("habeas litigants must have opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal").

Petitioner may also move to withdraw the entire petition and return to federal court only when he has finally exhausted his state court remedies as to all of the claims in the petition. Petitioner should bear in mind, however, that there exists a one year statute of limitations applicable to federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1); Ford, 305 F.3d at 885-885. In most cases, the one year period starts to run on the date the California Supreme Court denied Petitioner's direct review. See id. Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), *it does not toll for the time an application is pending in federal court.* Duncan v. Walker, 531 U.S. 991 (2001).

Finally, Petitioner can do nothing and risk dismissal of the entire first amended petition as a mixed petition.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1)   Petitioner is granted thirty (30) days from the date of service of this order to file **either a second amended petition** which deletes Ground Two or **a motion to dismiss** the entire first amended petition. If, at the conclusion of the thirty day period, Petitioner has not filed either his second amended petition or a motion to dismiss, the Court will dismiss the first amended petition as a mixed petition.

Petitioner is further advised that the amended petition should be clearly entitled "Second Amended Petition for Writ of Habeas Corpus." Petitioner is advised that the petition must set forth his claim(s), including both his legal basis for relief as well as all the facts and arguments in support of said claim(s). With respect to any claims raised in an amended petition, Petitioner must have presented those claims, either in his original state court appeal or through a subsequent state habeas

corpus petition, to the California Supreme Court prior to raising them in this Court. It is Petitioner's responsibility to advise the Court in his second amended petition of the dates when the state courts ruled on the issues Petitioner raises. The Court will not consider either the original petition or the first amended petition.

**Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.**

IT IS SO ORDERED.

Dated:   **May 20, 2010**                                    /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE